## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

DEVONTE STRICKLAND                                                          PLAINTIFF

V.                          No. 2:21-CV-00142-KGB-JTR

ADAM SWOPES, Officer-C/O;
Phillips County Detention Center, *et al*.                                  DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Discussion

On October 21, 2021, Plaintiff Devonte Strickland ("Strickland"), a pretrial detainee at the Dallas County Detention Center, filed this *pro se* § 1983 action alleging that Defendants violated his constitutional rights, on September 15, 2021, while he was in the Phillips County Detention Center ("PCDC"). *Doc. 1*.

On December 13, 2021, the Court granted Strickland's Motion for Leave to

Proceed *in forma pauperis*, which allowed Strickland to pay the statutory filing fee of $350 in monthly payments, rather than having to pay the full filing fee at the outset of his case. *Doc. 5*. Thus, the Court directed Strickland's custodian at the DCDC to: (1) collect monthly payments equal to 20% of the preceding month's income credited to Strickland's inmate trust account; and (2) send those payments to the Clerk of this Court until a total of $350 had been paid. *Id. at 2*.

On April 11, 2022, Strickland filed a Notice of Change of Address, informing the Court he had been "released [from] custody" and providing a new mailing address in Chicago, Illinois. *Doc. 8*.

On December 20, 2022, the Court entered an Order notifying Strickland that, if he wished to continue pursuing this lawsuit, he must, within thirty (30) days of that Order, file a completed free-world application to proceed *in forma pauperis* or pay the $260.00 owed for his filing fee for this action.[1] *Doc 22*. Importantly, the Court cautioned Strickland that his failure to comply within the designated time would subject his case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2).[2] The December 20 Order was mailed to Strickland at his address of record

---

[1] According to the Court's records, Strickland has paid $90.00 towards his filing fee.
[2] On November 19, 2021, the Court advised Strickland of his responsibilities under Local Rule 5.5(c)(2). *Doc. 3*. The Local Rule provides, in relevant part:
> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.… If any communication from the Court to a *pro se* plaintiff is not responded to within

and was not returned.

Strickland has not responded to the Court's December 20 Order, and the time to do so has expired. Strickland's last communication with the Court was on April 14, 2022, when he notified the Clerk of his change of address. *Doc. 8*. Moreover, the Court has not received any additional payments towards Strickland's filing fee.

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, due to a lack of prosecution.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 24th day of January, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

3